## APPEAL OF NATIONAL DAIRY CO.

Docket No. 2573.   Submitted August 15, 1925.   Decided November 6, 1925.

> Taxpayer has not shown that the actual cash value of property paid in for shares of its capital stock on June 25, 1918, was in excess of the amount for which such property was acquired by the contributors June 21, 1918.

*Harry J. Gerrity* and *Thomas O. Marlar, Esqs.*, for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

### Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from determinations of deficiencies in income and profits tax for the calendar years 1918, 1919, and 1920, in the amounts of $1,703.49, $34,742.59, and $2,941.91, respectively.

The issues presented are whether the Commissioner erred in his determination of the value of the property paid in for stock for invested capital and depreciation purposes.

### FINDINGS OF FACT.

Taxpayer is an Ohio corporation with its principal office in Toledo, and a plant at Morenci, Mich., engaged in the manufacture and sale of condensed milk and allied products. It was organized in 1916 with a capital stock of $10,000, divided into 100 shares of common stock of a par value of $100 each. On June 25, 1918, it entered into a contract with E. Claude Edwards and William Ford for the purchase of the entire properties and business formerly owned by the Ohio Dairy Co., at Morenci, Mich., as follows:

\*          \*          \*          \*          \*          \*          \*

IN CONSIDERATION OF the sum of Three Million One Hundred and Fifty Thousand Dollars ($3,150,000.00) to be paid as herein stipulated, parties

of the first part hereby agree to sell and convey, by good and sufficient deeds, bills of sale, assignment or other necessary conveyances, all of the real and personal property, licenses, rights, trade names, and other effects herein stipulated, said conveyance to be prepared by the party of the second part and to be signed and delivered by the parties of the first part on the 25th day of June, 1918.

The tangible and intangible property of the Ohio Dairy Co., consisting of land, buildings, machinery, patents, trade brands, milk flow, water rights, etc., had been purchased by Edwards and Ford, who were not stockholders in that company, on June 21, 1918, for $500,000. Pursuant to the contract, taxpayer purchased on June 25, 1918, from Edwards and Ford, the property, both tangible and intangible, which they had acquired on June 21, 1918, and issued in exchange therefor 6,500 shares, par value of $100 each, of its preferred stock and 100,000 shares, par value $25 each, of its common stock. The total par value of the stock thus issued was $3,150,000. The Ohio Commissioner of Securities ordered 30,000 shares of the aforementioned common stock returned to the taxpayer, and further ordered that any of the stock of the taxpayer which might be sold should be sold in units of one share of preferred stock and two shares of common stock for $100.

The Commissioner determined that the actual cash value of the property of the Ohio Dairy Co. acquired by the taxpayer for stock was $500,000 and that the depreciable property had a value of $301,368.40.

The actual cash value of the property paid in for stock of the taxpayer was not in excess of $500,000 and the value of the depreciable property so paid in was not in excess of $301,368.40.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

LITTLETON: The taxpayer alleged that the actual cash value of the tangible and intangible property paid in on June 25, 1918, for stock was $870,000, and that, in addition, substantial amounts of preferred stock were sold at par soon after its organization for promissory notes. The taxpayer further claims that the value of depreciable assets at the time paid in was $500,000.

The property, both tangible and intangible, acquired by the taxpayer on June 25, 1918, for stock was purchased by E. Claude Edwards and William Ford from the Ohio Dairy Co. on June 21, 1918, at an agreed price of $500,000. The evidence offered by taxpayer is not sufficient to support its claim that the tangible and in-

tangible property had an actual cash value of $870,000 and that the depreciable property had a value of $500,000. The sale by the Ohio Dairy Co. of its entire properties, both tangible and intangible, to Edwards and Ford took into consideration every element of value and was the equivalent of a cash sale. This was a transaction at arms' length involving the offer and acceptance of a price agreed upon by all of the stockholders of the Ohio Dairy Co. and Edwards and Ford, and, in view of all the evidence before it, the Board is of the opinion that the value placed upon the assets of the Ohio Dairy Co. by the parties to that transaction represented their fair market value at that time, and also at the time the same assets were acquired by the taxpayer for stock. Finding no error in the Commissioner's determination of the value of the property for invested capital and depreciation purposes, his determination is approved.

The Board is unable from the evidence to form any opinion as to whether the taxpayer is entitled to include in invested capital any amount from the sale of preferred stock after its organization. The testimony does not show the amount of stock sold or the amount received therefor, nor whether it was a sale of a part of the original stock issued to Edwards and Ford at the time the property was purchased from them or stock owned by the taxpayer at the time of the sale and subsequently issued. In the absence of evidence on this point, the action of the Commissioner in refusing to allow any amount in invested capital in this connection must be approved.